United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4037
_____

Joan Longmuir,                          *
                                        *
    Plaintiff - Appellant,              *
                                        *   Appeal from the United States
v.                                      *   District Court for the
                                        *   District of North Dakota.
Capital Credit Union,                   *
                                        *   **[UNPUBLISHED]**
    Defendant - Appellee.               *

_____

Submitted: June 12, 1997
Filed: July 21, 1997
_____

Before LOKEN, REAVLEY,[*] and JOHN R. GIBSON, Circuit Judges.
_____

PER CURIAM.

Lung disease left Joan Longmuir unable to continue her work as a Capital Credit Union teller, and she applied for and received private and social security disability benefits. After a lung transplant, Longmuir returned to work on a part-time basis, with her physician's approval. Her private disability benefits would have been discontinued had she worked even part-time for more than two months. After two months, she

---

[*]The HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation.

elected to stop working. She then commenced this action under the Americans with Disabilities Act, alleging that Capital Credit refused to reasonably accommodate her disability when it insisted that she commence working full time, and adding a claim for intentional infliction of emotional stress because Capital Credit's now-deceased manager made "unexpected and surprising demands to return to full time work or accept termination with disability pay."

The district court[1] granted summary judgment in favor of Capital Credit. Noting that Longmuir continues to receive long-term disability benefits and presented an affidavit by her attending physician that he had "place[d] her back on full disability status," the court concluded that Longmuir failed to make out a prima facie case of discrimination under the ADA because she presented no evidence that she is able to perform the essential functions of her job and therefore is a "qualified individual" as defined in 42 U.S.C. § 12111(8). The court further concluded that Longmuir "failed to provide any evidence of intentional infliction of emotional distress." Longmuir appeals. After careful consideration of the record, we conclude that summary judgment was properly granted for the reasons stated in the district court's Memorandum and Order dated October 22, 1996. Accordingly, we affirm. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota.